859 So.2d 1032 (2003)
Alfred GRIFFIN, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-01756-COA.
Court of Appeals of Mississippi.
November 18, 2003.
Morris Sweatt, Columbia, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., LEE, MYERS and CHANDLER, JJ.
LEE, J., for the court.

PROCEDURAL HISTORY
¶ 1. On September 4, 2002, a jury in the Circuit Court of Marion County found Alfred Griffin guilty of the crime of possession of a controlled substance, cocaine. Griffin was sentenced to serve eight years in the custody of the Mississippi Department of Corrections, with the last four years suspended, contingent upon the successful completion of the first four years, and spent on post-release supervision. Griffin was also ordered to pay a fine of three thousand dollars. Griffin now appeals *1033 to this Court, asserting the following issues: (1) the trial court erred in not sustaining his motion for a directed verdict on the ground that the State failed to prove the charges contained in the indictment; (2) the trial court erred in denying his jury instruction D-1; and (3) the verdict was contrary to the weight and sufficiency of the evidence. Finding these issues to be without merit, we affirm.

FACTS
¶ 2. On April 2, 2000, Griffin and Troy Johnson were sitting in front of Griffin's apartment drinking beer, which was not allowed on the apartment complex premises. Officer James Carney was providing security for the apartment complex when he noticed a brown paper bag on the porch near Griffin and Johnson. Suspecting it contained beer, Officer Carney approached Griffin and Johnson and noticed that they were each holding a beer can. As Officer Carney asked the two men to stand up, both Griffin and Johnson turned and ran with Officer Carney pursuing Griffin. While running, Griffin reached into his pants and dropped something on the ground. After chasing Griffin, Carney returned to the spot where he had seen Griffin drop something and found a matchbox with six pieces of crack cocaine inside.

DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN GRANTING GRIFFIN'S MOTION FOR A DIRECTED VERDICT ON THE GROUNDS THAT THE STATE FAILED TO PROVE THE CHARGES CONTAINED IN THE INDICTMENT?
II. DID THE TRIAL COURT ERR IN DENYING JURY INSTRUCTION D-1, A PEREMPTORY INSTRUCTION?
¶ 3. As a motion for a directed verdict and a request for a peremptory instruction both challenge the sufficiency of the evidence, we will examine the first two issues together and then address the weight of the evidence issue. The standard of review for directed verdicts and peremptory instructions is the same: the trial judge is required to accept as true all of the evidence favorable to the State, including any reasonable inferences that may be drawn therefrom. Wall v. State, 718 So.2d 1107(¶ 15) (Miss.1998). "Peremptory instructions should be refused if there is enough evidence to support a verdict." Warn v. State, 349 So.2d 1055, 1055 (Miss. 1977). If, under this standard, sufficient evidence to support the jury's verdict of guilty exists, the motion for a directed verdict and request for peremptory instruction should be denied. Isaac v. State, 645 So.2d 903, 907 (Miss.1994). The court will reverse only when reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss.1987). It is the jury's duty to resolve any conflicts in testimony. Groseclose v. State, 440 So.2d 297, 300 (Miss. 1983).
¶ 4. Griffin's argument consists of a blanket statement that the State failed to overcome the presumption of innocence by failing to meet their burden of proof. Griffin also states that, since the only evidence was one man's word against another, there was insufficient evidence to convict. However, the jury believed the testimony of Officer Carney. Carney did not lose sight of Griffin during the chase and he saw the exact location where Griffin threw the matchbox. Carney testified that the area where he found the matchbox had recently been mowed and that there were no other items on the ground near the matchbox. Furthermore, there was testimony to *1034 prove that the substance in the matchbox was cocaine. We find that the evidence was sufficient to allow a reasonable juror to find that Griffin was guilty of the crime charged. These issues are without merit.
III. WAS THE VERDICT CONTRARY TO THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE?
¶ 5. As we discussed the sufficiency of the evidence above, we look to whether the verdict was contrary to the overwhelming weight of the evidence. The standard of review is as follows:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77(¶ 14) (Miss. 2001). Although Griffin claims the verdict was contrary to the weight of the evidence, he fails to offer any substantial argument as to why his conviction should be reversed. He asserts that since the verdict of the jury was not based on the evidence or the law, it must have been based on extraneous matters or bias or prejudice. However, Griffin fails to point out any specific examples of bias or prejudice involved. From the available evidence, we cannot find that to let the verdict stand would sanction an unconscionable injustice. Thus, we find this issue to be without merit.
¶ 6. THE JUDGMENT OF THE MARION COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A CONTROLLED SUBSTANCE, COCAINE, AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH FOUR YEARS TO SERVE AND FOUR YEARS ON POST-RELEASE SUPERVISION, AND ORDERED TO PAY FINE OF $3000, TO REIMBURSE THE PUBLIC DEFENDER'S FUND $2000 AND TO PAY OLD FINES OF $394.50 TO THE MARION COUNTY JUSTICE COURT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARION COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.