967 So.2d 695 (2007)
Robert Lee ROBINSON, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-01446-COA.
Court of Appeals of Mississippi.
October 30, 2007.
*696 Johnnie E. Walls, Jr., Greenville, attorney for appellant.
Office of the Attorney General by Billy L. Gore, attorney for appellee.
Before MYERS, P.J., BARNES and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Robert Lee Robinson was convicted of four counts of possession of a controlled substance as a second and subsequent offender. Following his conviction, he was sentenced to serve a term of thirty years in the custody of the Mississippi Department of Corrections and received a one million dollar fine as to Count I, possession of ecstasy as a second and subsequent offender. Under Count II, possession of cocaine, Robinson was sentenced to eight years and a fine of $100,000, to run concurrent to the sentence imposed in Count I. Robinson was additionally sentenced under Count III, possession of marijuana, to a term of three years and a $6,000 dollar fine, to run concurrent to the sentence imposed in Counts I and II. Finally, Robinson was sentenced under Count IV, possession of Alprazolam, to a term of one year and a fine of $1,000 to run concurrent to the sentences imposed in Counts I, II, and III. From his conviction, Robinson appeals, requesting review of whether the trial court erred in denying Robinson's motion for JNOV, or in the alternative, a new trial.
¶ 2. Finding no error, we affirm.

*697 FACTS
¶ 3. Robinson was driving from his home in Memphis, Tennessee, to Cleveland, Mississippi, on March 2, 2005, in his white Oldsmobile Cutlass. Robinson drove to Cleveland, Mississippi, to meet his alleged business partner, Joe Moore, and pick up $2,400 in cash to help open their planned restaurant.
¶ 4. After Robinson picked up the cash he made his way back to Memphis, Tennessee, traveling north on Highway 61. Robinson was subsequently stopped for speeding by state trooper Dan Rawlinson. Rawlinson testified that when he approached the vehicle he detected a raw marijuana smell emanating from the car, and that the car had an expired inspection sticker. Rawlinson further testified that he received permission to search the car for contraband. Once Rawlinson began the search, he found a large sum of cash in the console, but no illegal contraband. Rawlinson then testified that he asked permission to search the trunk and Robinson informed him he would have to get a warrant first. After calling for backup, Rawlinson determined that the vehicle identification number on the inside of the driver's door had been stripped and did not match the car description.
¶ 5. Responding to Rawlinson's call, Officer Jacob Lott arrived at the scene with his canine, Masai, to check for the presence of drugs in the car. Masai alerted twice that he detected the presence of drugs in the car on both the driver and passenger's sides of the vehicle. Rawlinson then searched the trunk of the vehicle, where he found a black overnight bag containing cocaine, marijuana, ecstasy, and a drug which appeared to be Xanax.
¶ 6. At trial, Robinson testified that he had no knowledge that the black bag or the drugs were in his trunk. Robinson's nephew, William Wilson, testified that he found the bag while he was playing basketball and took the bag and placed it in his uncle's trunk, without Robinson's knowledge. Wilson testified he planned to take the bag the next morning and sell the drugs, but his uncle left before he had a chance to retrieve the bag from the trunk.
¶ 7. At trial, Robinson first moved for a directed verdict at the close of the State's case. After the guilty verdict by the jury, Robinson again moved for a JNOV or a new trial, which was denied. Robinson now appeals, seeking reversal of the trial court's failure to grant a JNOV or a new trial.

STANDARD OF REVIEW
¶ 8. This Court reviews motions for directed verdict or JNOV under an abuse of discretion standard. Howell v. State, 860 So.2d 704, 764 (¶ 212) (Miss. 2003). Our supreme court has noted, with regard to challenges based on the sufficiency of the evidence, that "the critical inquiry is whether the evidence shows `beyond a reasonable doubt that the accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.'" Dilworth v. State, 909 So.2d 731, 736(¶ 17) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). More importantly, an appellate court must ask "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Dilworth, 909 So.2d at 736(¶ 17) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).
¶ 9. This Court will reverse the denial of a motion for new trial only under *698 an abuse of discretion standard. Dilworth 909 So.2d at 737(¶ 20). Essentially, "[a] motion for new trial challenges the weight of the evidence." Id. The trial court should only grant a motion for new trial in exceptionally rare circumstances where the evidence weighs heavily against the verdict. Id. at 737(¶ 21). "A greater quantum of evidence favoring the State is necessary for the State to withstand a motion for a new trial, as distinguished from a motion for J.N.O.V." Id. at 737(¶ 20) (citing Pharr v. State, 465 So.2d 294, 302 (Miss.1984)).

DISCUSSION
¶ 10. At trial, Robinson argued that he was completely unaware of the contents of the bag found inside his trunk, which contained drugs. Robinson contended that his nephew, William Wilson, placed the bag containing drugs inside Robinson's trunk, unbeknownst to Robinson. The record reflects testimony from Wilson that he found the bag containing drugs at a local park while playing basketball. Wilson further testified that he took the bag, intending to sell the drugs himself. Wilson claimed he placed the bag in the trunk of his Uncle Robinson's car, intending to conceal the bag from his aunt, with plans to retrieve it the next morning.
¶ 11. At the close of the State's case-in-chief, Robinson made a motion for a directed verdict, but the trial judge denied the motion, finding the State had presented sufficient evidence for a prima facie case against Robinson. At the close of trial, Robinson renewed his motion for a directed verdict, claiming that the State failed to prove actual exclusive possession or constructive possession on behalf of Robinson. The trial court again denied the motion. The jury returned a verdict of guilty on all four counts against Robinson. Robinson again moved for JNOV or, in the alternative, a motion for a new trial at the sentencing hearing. The trial court also overruled these motions. This appeal followed.
I. WHETHER THE TRIAL COURT ERRED IN DENYING ROBINSON'S MOTION FOR JNOV
¶ 12. Robinson now argues that the trial court erred in denying the motion for JNOV because the evidence presented at trial was insufficient to support the jury verdict. Robinson asserts that the State failed to prove that he had actual or constructive knowledge of the presence of drugs in his car and that the State did not present evidence sufficiently connecting Robinson to the drugs. Robinson also asserts that the verdict was based on speculation. While Robinson admitted he exercised dominion and control over the car in question, he denied having control over the drugs found in the trunk. Further, Robinson also claims to have rebutted the presumption that the drugs were in his exclusive possession or control because he presented testimony attempting to establish that his nephew, Wilson, was the source of the drugs. Pool v. State, 483 So.2d 331, 336 (Miss.1986). Robinson argues that he rebutted the presumption by presenting testimony from Wilson, his nephew, regarding the source of the drugs, proving he did not have exclusive possession of the trunk of his own car.
¶ 13. In contrast, the State argues that a reasonable jury could have found from evidence presented at trial that Robinson was constructively in possession of the drugs. Robinson admitted that he owned the car subjected to the police search. The State notes Robinson was the sole owner and occupant of the car at the time of the search and arrest. Thus, the State argues that Robinson was in constructive possession of the drugs. Additionally, the State points to several other incriminating *699 factors connecting Robinson to the drugs, which include: the large amount of cash found in the car console, the odor of marijuana emanating from the car, and consent to search the car interior but not the trunk. The State argues that the jury had the authority to weigh and evaluate the evidence presented at trial and asserts that the decision regarding Robinson's guilt or innocence rested with the jury. The State reasons that a reasonable juror could conclude that Robinson was aware of the presence of the drugs in his car and intentionally possessed the drugs. The State urges us to find that the denial of the JNOV was proper.
¶ 14. The question before this Court is whether a rational person, when viewing the evidence in the light most favorable to the State, could have found that the State proved all the elements of drug possession against Robinson. Dilworth v. State, 909 So.2d at 737(¶ 19) (Miss.2005). We are to review cases of this nature under an abuse of discretion standard. Howell v. State, 860 So.2d at 764 (¶ 212) (Miss.2003).
¶ 15. In Wall v. State, 718 So.2d 1107, 1111(¶ 13) (Miss.1998), the court observed that, with regard to contraband found in a vehicle, that "the owner of a vehicle is presumed to be in constructive possession." In the case sub judice, the drugs were found in Robinson's trunk. Robinson was the owner of the car. These drugs are presumed to be in Robinson's constructive possession unless otherwise rebutted. Spencer v. State, 908 So.2d 783, 788(¶ 14) (Miss.Ct.App.2005) (quoting Powell v. State, 355 So.2d 1378, 1379 (Miss. 1978)). Robinson maintains that the car was not in his exclusive possession because others had access to his car, namely his nephew, Wilson. The only substantial evidence introduced to rebut the presumption was the testimony of Wilson. Wilson or another person could have been the source of the drugs found in Robinson's trunk, however this was a question for the jury to determine from all the evidence presented. The court in Wolf v. State 260 So.2d 425, 432 (Miss.1972) noted:
the defendant's testimony, and all of the circumstances relied upon by appellant to show that other people could have placed the marijuana in the automobile were factors to be considered by the jury, and the jury could have accepted defendant's testimony that he did not know marijuana was in his automobile.
The State challenged the testimony of Wilson, noting he was unable to correctly describe the bag in question and had a motive to help his Uncle Robinson by testifying. The jury found the evidence supported the theory presented by the State, rather than the theory presented by the defense.
¶ 16. In the case sub judice, the State presented additional evidence to the jury aside from Robinson's proximity to the drugs for it to determine he was in constructive possession. Robinson was both the sole occupant and owner of the car when the drugs were found. The officer conducting the search testified he detected the odor of marijuana at the time of the stop, which gave him sufficient probable cause to search the vehicle. Hart v. State, 639 So.2d 1313, 1316 (Miss.1994) (holding both, the detection of marijuana odor by officers sufficiently established probable cause, and there was sufficient evidence presented to show defendant intentionally and consciously possessed the drugs, such that denial of the directed verdict motion was proper). Further, the arresting officer testified that Robinson gave permission to search the interior of the car, but refused permission to search the trunk without a warrant. Upon searching the car, the officer retrieved a large amount of cash located in the console. A drug canine *700 further gave a positive alert that there were drugs present in the car during the search.
¶ 17. Our review of the record indicates there was sufficient evidence for the jury to find Robinson did, in fact, have constructive possession of the drugs found in his car. There was a sufficient amount of other incriminating evidence which connected Robinson to the drugs in order the for jury to find Robinson guilty. For the foregoing reasons, we cannot find error in the decision of the trial court denying the motion for a JNOV and we, accordingly, affirm.
II. WHETHER THE TRIAL COURT ERRED IN DENYING ROBINSON'S MOTION FOR A NEW TRIAL
¶ 18. Robinson also argues that the trial judge erred in failing to grant his motion for a new trial. However, to allow the verdict to stand would not sanction an unconscionable injustice, because it was not so contrary to the overwhelming weight of the evidence presented against Robinson. Fox v. State, 756 So.2d 753, 758(¶ 16) (Miss.2000); (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997); McFee v. State, 511 So.2d 130, 133-34 (Miss.1987)). This Court cannot find that this is an exceptional case where the evidence presented weighs heavily against the verdict. Dilworth v. State, 909 So.2d 731, 737(¶ 21) (Miss.2005). Here, the evidence presented by the State weighs in favor of the verdict at trial for all the reasons stated above. The jury had the benefit of hearing the testimony and evidence presented at trial and found that the evidence weighed in favor of the State. As such, we cannot find that the trial court erred in denying Robinson's motion for new trial and we accordingly affirm.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF BOLIVAR COUNTY OF CONVICTION OF COUNT I-POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF THIRTY YEARS AND FINE OF $1,000,000 AND $300 IN CRIME LAB FEES; COUNT II-POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF EIGHT YEARS AND A FINE OF $100,000; COUNT III-POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF THREE YEARS AND FINE OF $6,000; COUNT IV-POSSESSION OF A CONTROLLED SUBSTANCE AND SENTENCE OF ONE YEAR AND FINE OF $1,000; APPELLANT CHARGED AS A SECOND AND SUBSEQUENT OFFENDER ON ALL COUNTS AND SENTENCES SHALL NOT BE REDUCED OR SUSPENDED NOR SHALL THE APPELLANT BE ELIGIBLE FOR PAROLE OR PROBATION AND SENTENCE SHALL RUN CONCURRENTLY TO ANY AND ALL SENTENCES PREVIOUSLY IMPOSED ALL TO BE SERVED IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AND THE AFORESAID FINES AND LAB FEES SHALL BE CONCURRENT WITH THE FINES AND LAB FEES IMPOSED IN COUNTS I, II, AND III, FOR A TOTAL NOT TO EXCEED $1,000,000 AND TOTAL LAB FEES NOT TO EXCEED $300 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.