CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Nicky Alonzo Patterson appeals his convictions in the Coahoma County Circuit Court of possession of cocaine and possession of a firearm by a felon. The trial court sentenced Patterson as a habitual offender to sixteen years for the possession of cocaine conviction and ten years on
 
 *703
 
 the possession of a firearm by a convicted felon conviction, with the sentences to run consecutively.
 

 FACTS
 

 ¶ 2. On October 30, 2007, Officer Otis Taylor and Corporal Jason Sims, Sr., of the Clarksdale Police Department patrolled an area of Clarksdale known for high levels of drug activity. Corporal Sims testified at trial that he observed a red Nissan turn north on Ashton Street, then pull over to the left-hand side of the road, and stop in the street. Officer Taylor testified that the Nissan parked illegally on the wrong side of Ashton Street. The officers drove closer to the Nissan. They observed a female exit a residence and walk to the Nissan’s driver’s side door. The female reached inside the Nissan, through the window, at which time both officers witnessed a “hand-to-hand transaction” between the driver and the female. Because the area was known for drug activity, the officers drove their car closer to the Nissan.
 

 ¶ 3. As the officers approached the Nissan, the female ran back inside her residence. The officers exited their car approached the Nissan on foot, and Patterson, who was driving the Nissan, immediately exited the vehicle. Corporal Sims testified that he saw Patterson drop a plastic bag containing a white substance from his right hand to the ground. Officer Taylor also noticed that Patterson dropped something between the officers’ car and the Nissan.
 

 ¶ 4. After seeing Patterson drop the plastic bag between the cars, Corporal Sims looked into the Nissan and noticed a Ruger 9mm semi-automatic handgun on the passenger floorboard of the car. Corporal Sims notified Officer Taylor of his discovery. Corporal Sims instructed Patterson to place his hands on the car to allow the officers to conduct a pat-down search of Patterson. Rather than follow Corporal Sims’s instructions, Patterson fled on foot. A foot chase ensued. After chasing Patterson on foot, Corporal Sims secured Patterson. Corporal Sims directed Officer Taylor to return to the automobiles to protect the crime scene and evidence.
 

 ¶ 5. Upon returning to the crime scene, Officer Taylor recovered a small plastic bag containing what appeared to be powder cocaine. Officer Taylor found the incriminating bag in the area where he had observed Patterson drop an object. Officer Taylor then retrieved the handgun from the passenger side of the Nissan. Officer Taylor gave the handgun and the plastic bag containing the white substance to Corporal Sims. Another police department unit transported Patterson to jail, and Officer Taylor and Corporal Sims took the handgun and the plastic bag to the police department as evidence.
 

 ¶ 6. Officer Taylor and Corporal Sims contacted Corporal Joseph Wide, a narcotics investigator with the Clarksdale Police Department. Corporal Wide met the arresting officers at the police department. Corporal Wide then took custody of the plastic bag containing the white substance. Erik Frazure, a forensic scientist with the Mississippi Crime Laboratory in Bates-ville, Mississippi, testified at trial that he had performed two tests on the white substance to process as evidence. Frazure’s testing revealed that the plastic bag contained 6.2 grams of cocaine salt, or powder cocaine.
 

 ¶ 7. Patterson testified in his own defense at trial. He testified that he neither possessed any cocaine nor knew a gun was in his vehicle on the night of his arrest. According to Patterson, he simply parked in front of the house on Ashton Street to pick up a woman he had recently met.
 
 *704
 
 Patterson testified that the woman approached his window to ask him whether she needed to bring a bag along for their outing. As the two talked, Officer Taylor and Corporal Sims pulled in behind the Nissan, and the woman ran back into her house. According to Patterson, the woman mentioned that her boyfriend liked to “act up,” and Patterson assumed that one of the officers was actually the woman’s boyfriend. Interestingly, Patterson testified that he could not recall the young woman’s name.
 

 ¶ 8. Patterson testified that he never possessed drugs on October 30, 2007, and he possessed no knowledge of the handgun found on the floorboard of the car. Patterson’s girlfriend, Larsharonda Jordan, testified that she used Patterson’s Nissan for approximately one week before Patterson’s October 80, 2007, arrest. Jordan admitted that she purchased the handgun from a pawnshop in Clarksdale and registered it in her name. Jordan testified that she normally kept the handgun under the passenger seat and inadvertently left it in the car when she returned the car to Patterson.
 

 ¶ 9. At the conclusion of the trial, the jury returned a verdict of guilty on both counts. On appeal, Patterson urges this Court to reverse his convictions and sentences, because he alleges that the convictions are against the overwhelming weight of the evidence. Finding no merit to Patterson’s assignment of error, we affirm the judgment of the trial court.
 

 DISCUSSION
 

 ¶ 10. Patterson argues that the jury found him guilty of possession of cocaine and possession of a firearm by a convicted felon contrary to the overwhelming weight of the evidence. For challenges to jury verdicts as being contrary to the overwhelming weight of the evidence, the supreme court in
 
 Bush v. State,
 
 895 So.2d 836, 844 (¶ 18) (Miss.2005), provided the following standard of review:
 

 When reviewing a denial of a motion for a new trial based on an objection to the weight of the evidence, we will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.
 

 Id.
 
 To determine whether a verdict is against the overwhelming weight of the evidence, this Court sits as a “thirteenth juror” to examine the evidence in the fight most favorable to the verdict.
 
 Id.
 
 If, upon evaluating the evidence in the fight most favorable to the verdict, this Court finds itself in disagreement with the jury’s verdict, the proper remedy is to grant a new trial.
 
 Id.
 

 ¶ 11. Examining the evidence in the fight most favorable to the verdict, we do not find the verdict to be against the overwhelming weight of the evidence such that to allow the verdict to stand would sanction an unconscionable injustice.
 
 Id.
 
 Quite the opposite, the evidence admitted at trial clearly supports the guilty verdicts.
 

 ¶ 12. Regarding the possession-of-cocaine charge, the evidence admitted at trial showed that both police officers observed Patterson drop an object to the ground upon exiting his vehicle. Patterson then ran from the police officers, forcing them both to chase him on foot. Upon returning to the parked cars, Officer Taylor recovered the item he and Corporal Sims had observed Patterson drop. Expert testimony introduced at trial showed that the plastic bag the officers recovered from the scene indeed contained an illegal drug, cocaine. More than sufficient evidence exists in the record to support the jury’s finding that Patterson possessed cocaine on October 30, 2007.
 
 See Griffin v.
 
 
 *705
 

 State,
 
 859 So.2d 1032, 1033-34 (¶¶ 2-4) (Miss.Ct.App.2003) (finding sufficient evidence to sustain a possession-of-cocaine conviction where the police officer testified that: he never lost sight of the defendant; he witnessed him throw an object; and the recovered object contained the contraband).
 

 ¶ 13. Furthermore, evidence presented at trial showed that Patterson possessed the handgun that the officers found inside his car. Patterson presented evidence that his girlfriend, Jordan, owned the weapon and inadvertently left the gun in his car. However, despite Jordan’s ownership of the weapon, the officers found the weapon in Patterson’s car while Patterson maintained control of the car. The police officers noticed the weapon when they looked through the window of Patterson’s car. At that time, the weapon was lying on the front passenger floorboard of the car, in plain view. Because the testimony showed that the weapon was in plain view of the officers and within Patterson’s span of control and eyesight, the jury could surmise that Patterson knew of the handgun’s presence in his vehicle. Patterson owned and occupied the car where police officers found the weapon. In Mississippi, the law presumes that the owner of a vehicle constructively possesses any contraband found therein.
 
 Robinson v. State,
 
 967 So.2d 695, 699 (¶ 15) (Miss.Ct.App.2007) (quoting
 
 Wall v. State,
 
 718 So.2d 1107, 1111 (¶ 13) (Miss.1998)). Patterson attempted to rebut the presumption that he possessed the weapon through Jordan’s testimony that the gun belonged to her, and she inadvertently left the weapon in Patterson’s car. However, the jury bore the responsibility of resolving any conflicts in the evidence in.determining whether Patterson possessed a weapon on the night of his arrest.
 
 See id.
 

 ¶ 14. Despite Patterson’s testimony that he never possessed the cocaine that the officers found at the scene and that he possessed no knowledge of the handgun on the front floorboard of his car, the jury convicted him of both counts of the indictment. This Court has held that “[t]he jury is the sole judge of the credibility of witnesses, and the jury’s decision based on conflicting evidence will not be set aside where there is substantial and believable evidence supporting the verdict.”
 
 Crosby v. State,
 
 856 So.2d 523, 528 (¶ 7) (Miss.Ct.App.2003) (quoting
 
 Billiot v. State,
 
 454 So.2d 445, 463 (Miss.1984)).
 

 ¶ 15. Because we find ample evidence in the record to support the jury’s verdicts of guilty on both counts of the indictment, we find Patterson’s assignments of error without merit. Therefore, we affirm.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF COUNT I, POSSESSION OF COCAINE, AND SENTENCE OF SIXTEEN YEARS; AND COUNT II, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS, AS A HABITUAL OFFENDER, WITH THE SENTENCE IN COUNT II TO RUN CONSECUTIVELY TO THE SENTENCE IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHO-MA COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.