McMILLIN, C.J., for the court.
¶ 1. Orlando Tremayne Grayson was found guilty of conspiracy to possess more than one kilogram of marijuana with intent to sell or distribute, Grayson has appealed his conviction, alleging reversible error by the Circuit Court of Alcorn County when it allowed inadmissible hearsay testimony to be presented to the jury on several different occasions during trial. We find Grayson’s contentions to be without merit and affirm his conviction.
I.
Facts
¶2. In November 1999, employees of United Parcel Service working in Boone-ville discovered a package that had split open. The employees suspected that the contents might be marijuana, and, as a result, they notified local law enforcement officers. The police found that the package contained twenty-one bricks of marijuana packed in newspaper from the Los Angeles Times. The package had been shipped from an address in Rowland Heights, California, and was addressed to Mark Johnson in Corinth. Upon investigating, officers determined that the actual residents at that address were individuals named Rodney Spence and Tasha Williams.
¶ 3. A police officer, disguised as a UPS deliveryman, delivered the package to the indicated address in Alcorn County. An individual named Cory Spence, who proved to be a cousin of Rodney Spence, was present at the address and signed for the package. He was arrested shortly there *198 after and charged with conspiracy to possess more than one kilogram of marijuana. Cory Spence cooperated in the subsequent investigation that implicated Grayson and ultimately testified for the State at Gray-son’s conspiracy trial.
II.
Discussion
¶ 4. Grayson contends that the trial court committed reversible error on several different occasions when the court permitted inadmissible hearsay testimony to be presented.
¶ 5. The first instance, according to Grayson, was when Officer Jeff Palmer was permitted to read a written statement taken by him during the investigation allegedly made by a third party discussing his knowledge of Grayson’s marijuana sales. Despite Grayson’s contention in this appeal that the statement was inadmissible, when the matter of allowing the officer to read the statement came up at trial, defense counsel specifically said, “No objection at all, your Honor.” Failure to timely object to alleged hearsay evidence acts as a bar preventing the aggrieved party from raising the issue on appeal. M.R.E. 103; Murphy v. State, 453 So.2d 1290, 1293-94 (Miss.1984). For that reason, we find the allegation that this constituted reversible error to be without merit.
¶ 6. Grayson’s second instance of alleged inadmissible hearsay occurred during Cory Spence’s testimony. Spence testified about a prior occasion when he had dropped off a package at Grayson’s house and about conversations that Cory Spence had with his cousin, Rodney Spence, concerning delivering packages to Grayson. Grayson’s counsel objected on the ground of hearsay. The State claimed that the statements were by one of Grayson’s co-conspirators in furtherance of the conspiracy, and, thus, did not constitute hearsay under authority of Mississippi Rule of Evidence 801(d)(2)(E). The court agreed with the State and overruled the defense’s objection.
¶ 7. On appeal, Grayson argues that Cory Spence’s testimony should have been excluded because the statements testified to by Spence were not made in the course of the conspiracy. As a more basic failure, Grayson contends that the State failed to establish the existence of a conspiracy between Cory Spence and Grayson. This argument is without foundation. The State charged in the indictment, and made an evidentiary showing, that Grayson, Cory Spence and Rodney Spence were involved in conspiring to obtain and sell large amounts of marijuana. The testimony of Cory Spence involved alleged statements made by Rodney Spence in furtherance of the conspiracy. Statements of this sort are admissible and not considered to be hearsay. M.R.E. 801(d)(2)(E); Mitchell v. State, 495 So.2d 5, 12 (Miss.1986).
¶ 8. Finally, Grayson argues that the testimony of Police Officer Jeff Palmer as to what UPS employees related to him about the package and its contents was inadmissible hearsay. We find that the trial court was correct in overruling the defense’s hearsay objection. Officer Palmer was merely attempting to “explain the steps taken ... to investigate the incident. The truth of the statement [made to the officer] was not in issue.” Butler v. State, 758 So.2d 1063, 1066(¶9) (Miss.Ct.App. 2000). No critical element of the crime of conspiracy depended upon the truth of matters asserted by the UPS employees in their conversations with police regarding the ruptured package or their opinion as to what the contents of the package might have been, and the evidence clearly was not offered for that purpose. Rather, the information was presented to permit the *199 jury to have a full picture of the circumstances regarding how law enforcement became involved in the case, thus permitting the State’s case to unfold in a coherent and understandable manner. Viewed in this light, the testimony was not objectionable hearsay and was correctly allowed into evidence. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ALCORN COUNTY OF CONVICTION OF CONSPIRACY TO POSSESS MORE THAN ONE KILOGRAM OF MARIJUANA WITH INTENT TO SELL OR DISTRIBUTE AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH EIGHT YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION AND FINE OF $5,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.