JAMES, J.,
for the Court:
¶ 1. A jury in the Yazoo County Circuit Court convicted Tommie Lee Jones of sexual battery of a child under the age of fourteen years. On appeal, Jones assigns the following errors: (1) the jury was improperly given instruction S-l, which failed to include an essential element of sexual battery — that Jones was twenty-four months or more older than the child, (2) the trial court erred in giving jury instruction 3, which constructively amended the indictment and allowed the jury to convict Jones based on a broader definition of sexual battery than the crime alleged in the indictment, and (3) the verdict is against the overwhelming weight of the evidence. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
112. One night in early 2009, on some date between March 16 and April 17, eight-year-old Sarah[1] had just stepped out of the shower at her grandmother’s house in Yazoo City, Mississippi. Before Sarah could put on her clothes, her eighteen-year-old cousin, Ann, entered the bathroom and instructed Sarah to go into Ann’s bedroom. Sarah complied, and went into Ann’s, room without clothing. Shortly after, Ann and her boyfriend, Tommie Lee Jones, entered Ann’s room. Ann told Sarah to lie back on the bed. Sarah complied. At that point, according to Sarah, Jones walked over to the bed and began performing oral sex on her. Sarah tried to push Jones off of her, but was unsuccessful. Sarah testified that Jones continued to perform oral sex on her for a “pretty long time.” Once Jones finally released her, Sarah went into her own bedroom and closed the door.
¶ 3. On a later date, at some time prior to April 17, 2009, Sarah was sitting on the living-room couch and watching television at her grandmother’s house. Ann walked into the living room and told Sarah to get off of the couch. Jones then walked into the living room, lay on the couch, and pulled down his pants. At that point, according to Sarah, Jones made her perform oral sex on him.
¶ 4. On April 17, 2009, Sarah was taken by her mother, Lynn, to St. Dominic Hospital in Jackson, Mississippi, to be examined by an emergency-room physician. Sarah had been experiencing pain and burning sensations in her genital area. Dr. James Aron examined Sarah and found that she had contracted trichomo-nas, which is a sexually transmitted disease. Dr. Aron treated Sarah with Flagyl, an antibacterial medication used to treat vaginal infections. Finding it unusual that an eight-year-old girl had trichomonas, Dr. Aron contacted the Mississippi Department of Human Services (DHS) to report the matter. DHS then notified the Yazoo City Police Department.
¶ 5. On April 18, 2009, Detective Larry Davis interviewed Sarah at the Yazoo City *1012 police station. During the interview, Sarah told Detective Davis about the incidents with Jones. After interviewing Sarah and Lynn, Detective Davis contacted the Family Resource Center in Tupelo, Mississippi, to schedule a child forensic examination for Sarah. On May 4, 2009, Sarah was examined by forensic interviewer Nakima Agnew. During the interview, Sarah told Agnew that Jones “licked [her] private area” and made her “suck his thing.” Sarah also demonstrated the acts using anatomical dolls. According to Agnew, Sarah’s description of the events was consistent throughout the entire interview.
¶ 6. On December 2, 2009, Jones was indicted by a grand jury in the Yazoo County Circuit Court for sexual battery of a child under the age of fourteen years. Following a trial on November 28-29, 2011, Jones was convicted and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections, with five years suspended and five years of supervised probation. On December 15, 2011, Jones filed a motion for a new trial, which was denied. Feeling aggrieved, Jones now appeals.
DISCUSSION
I.Whether the trial court erred in giving jury instruction S-l, which did not include the element of sexual battery that Jones was twenty-four or more months older than the child.
¶ 7. Jones was indicted for sexual battery under Mississippi Code Annotated section 97 — 3—95(l)(d) (Rev.2006), which provides that “[a] person is guilty of sexual battery if he or she engages in sexual penetration with ... [a] child under ... fourteen (14) years of age, if the person is twenty-four (24-) or more months older than the child.” (Emphasis added). Regarding the proof required for the jury to find Jones guilty of sexual battery, the court gave instruction S-l, which reads:
TOMMIE LEE JONES has been charged in the [i]ndictment with the offense of [s]exual [bjattery.
If you find from the evidence in this [c]ause beyond a reasonable doubt that:
1. TOMMIE LEE JONES, on or about April 18, 2009, in Yazoo County, Mississippi;
2. did[] engage in sexual penetration with [Sarah], a child, who was at least eight (8) years of age, but under sixteen (16) years;
3. by placing his mouth and tongue in the vagina of [Sarah];
4. and by placing his penis in the mouth of [Sarah];
then you shall find the Defendant, TOMMIE LEE JONES, guilty of [s]exual [b]attery as charged in the [i]ndictment.
Jones argues that because the element of Jones being twenty-four or more months older than Sarah was missing from the instruction, the jury had no way of determining whether the State had met its burden of proof. We disagree.
¶ 8. We must begin by noting that Jones is raising this argument for the first time on appeal, and therefore, the argument is procedurally barred. Loden v. State, 971 So.2d 548, 570 (¶52) (Miss.2007) (citing Thorson v. State, 895 So.2d 85, 104 (¶ 43) (Miss.2004)). During trial, Jones made no objection to jury instruction S-l on the ground that it lacked the requisite age elements for sexual battery. Rather, Jones contested the language in the instruction regarding the definition of penetration. In his motion for a new trial, Jones made no allegation that the State had failed to prove the elements of sexual battery, nor did he raise any factual defense as to his age or Sarah’s age at any time during the proceedings. “Failure to *1013 offer a timely objection to an instruction at trial constitutes a waiver of the issue on appeal.” Roberson v. State, 838 So.2d 298, 305 (¶ 27) (Miss.Ct.App.2002) (citing Brown v. State, 764 So.2d 463, 469 (¶¶ 20-21) (Miss.Ct.App.2000)). Thus, this issue is barred from our review.
¶ 9. Despite the procedural bar, we find that Jones’s argument lacks merit. In order to withstand the procedural bar and be permitted to raise such an error for the first time on appeal, Jones must show that the error “was so prejudicial on its face that we are obligated to note it as plain error.” Brown, 764 So.2d at 469 (¶ 21) (citing Shelton v. State, 445 So.2d 844, 846 (Miss.1984)). The State argues that had Jones timely objected during trial, the error would have easily been detected, and the element of Jones’s age missing from instruction S-l would have been added. We agree. Further, we cannot say that the trial court’s giving of instruction S-l was prejudicial or that it amounted to plain error, because the element of Jones being twenty-four or more months older than Sarah was listed in the indictment. Therefore, Jones was given sufficient notice and had a “reasonable opportunity to prepare and present a defense” to this element. Burrows v. State, 961 So.2d 701, 705 (¶ 11) (Miss.2007). As previously discussed, Jones did not do so. Further, the record shows that Jones voluntarily withdrew his jury instruction D-9 in favor of the State’s jury instruction S-l, and now Jones complains of his error on appeal. Instruction D-9 reads as follows:
Tommie Lee Jones has been charged in Yazoo County, Mississippi ... with the offense of sexual battery.
If you find from the evidence in this case beyond a reasonable doubt that:
1.Tommie Lee Jones, on or about April 18, 2009[,] in Yazoo County, Mississippi;
2. Engaged in sexual penetration by cunnilingus or fellatio;
3. With [Sarah], a child under the age of 14[,] and the defendant is 24 or more months older than the child;
then you shall find the defendant guilty as charged.
If the prosecution has failed to prove any one or more of these elements beyond a reasonable doubt, then you shall find Tommie Lee Jones not guilty.
¶ 10. Also, here, it is undisputed that Sarah was eight years of age at the time of the offense. The jury was presented with documentary evidence, as well as corroborating testimony from Detective Davis, that Jones’s date of birth is November 28, 1981, which means that Jones was thirty years of age at the time of trial. Hence, Jones was twenty-eight years of age at the time of the offense. Any fair-minded juror could have easily deduced that Jones, being twenty-eight years of age, was twenty-four or more months older than Sarah at the time the crime was committed. The proof showed that Sarah was eight years old and under the age of fourteen, and that Jones was twenty-four or' more months older than her at the time the crime was committed. Miss.Code Ann § 97-3-95(l)(d).
¶ 11. In light of a decision recently handed down by the Mississippi Supreme Court covering a similar issue, we are compelled to distinguish that case from the present one. In Bolton v. State, 113 So.3d 542, 544 (¶ 4) (Miss.2013), the court found a jury instruction that lacked an essential element of burglary of a dwelling to be fatally defective. Specifically, the jury in that case was improperly instructed to find the defendant guilty if it found that he broke and entered a dwelling with the intent to commit any crime, as opposed to a specific crime as required by statute. *1014 Id. See Miss.Code Ann § 97-17-23 (Rev. 2006). Citing Daniels v. State, 107 So.3d 961, 964 (¶ 17) (Miss.2013), the court reemphasized how the “fail[ure] to instruct the jury on all of the essential elements of [a crime] ... constitutes plain error.” Bolton, 113 So.3d at 544 (¶ 4). It is clear that for the crime of sexual battery, the age of the defendant relative to the age of the victim is an essential element. However, the absence of this element from the jury instructions was not fatal in this case, because it had no effect on the State’s burden of proof. Conversely, in Bolton and Daniels, the State was relieved of its burden of specifying the defendant’s intended crime, which was crucial for a conviction of the principal crime of burglary. In both instances, neither the proof nor the overall jury instructions cured the defect, and therefore, reversal was warranted.
¶ 12. The dissent finds that the absence of Jones’s age from the jury instructions amounted to reversible error. To support this proposition, the dissent relies on Bolton, Rogers v. State, 95 So.3d 623, 632 (¶ 30) (Miss.2012), and Berry v. State, 728 So.2d 568, 571 (¶ 6) (Miss.1999). In Rogers and Berry, the court found that the evidence presented during trial was insufficient and failed to cure the defect in the jury instructions. This failure amounted to reversible error. However, in the present case, as previously stated, the jury was presented with both documentary evidence and testimony concerning Jones’s age. Therefore, any error would be harmless. Also, in Rogers, the court noted that the Mississippi Judicial College’s “general pattern instruction” for criminal offenses reads in relevant part, “if you find from the evidence in this case beyond a reasonable doubt that: ... [Defendant’s [n]ame] on or about [date of offense] in [county of offense] [list elements of crime]; then you shall find the defendant guilty as charged.” Rogers, 95 So.3d at 632 (¶29) (quoting Miss. Model Jury Instructions: Criminal § 1:6 (2010)) (some brackets in original).
¶ 13. “[D]efects in specific instructions will not mandate reversal when all of the instructions, taken as a whole, fairly — although not perfectly — announce the applicable primary rules of law.” Boyd v. State, 47 So.3d 121, 124 (¶ 11) (Miss.2010) (quoting Utz v. Running & Rolling Trucking, Inc., 32 So.3d 450, 474 (¶ 78) (Miss. 2010)). Here, we find that the jury was properly instructed as to the State’s burden of proving that Jones committed sexual battery under section 97 — 3—95(1)(d). Therefore, we cannot say that this oversight amounted to plain error. This issue is without merit.
II. Whether the trial court’s giving of jury instruction 3 constituted error by allowing the jury to convict Jones on a broader definition of sexual battery than the crime alleged in the indictment.
¶ 14. Next, Jones argues that jury instruction 3, while a correct statement of law, was improper because it broadened the proof required of the State to prove sexual battery. The indictment specifically alleges that Jones committed sexual battery by “placing his mouth and tongue into the vagina of [Sarah], and by placing his penis in the mouth of [Sarah].” Jury instruction 3, which was taken directly from Mississippi Code Annotated section 97-3-97(a) (Rev.2006), reads:
Sexual penetration includes cunnilingus, fellatio, any penetration of the genital or anal openings of another person’s body by any part of a person’s body, and insertion of any object into the genital or anal openings of another person’s body.
(Emphasis added). Jones objected to this instruction on the ground that it conflicted with the indictment, as well as instruction *1015 S-l, which listed the specific forms of sexual penetration that the State was required to prove. The trial court stated that instruction 3 did not pose a conflict because it merely provided the jury with the legal definition of sexual penetration. However, Jones contends, as he did at trial, that the phrase “by any part of a person’s body” constructively amended the indictment by allowing the jury to consider sexual intercourse as a form of sexual penetration and essentially convict him based on an element of sexual battery that was not included in the indictment.
¶ 15. With regard to challenges to jury instructions based on the constructive amendment of an indictment, the Mississippi Supreme Court has held:
A constructive amendment of the indictment occurs when the proof and instructions broaden the grounds upon which the defendant may be found guilty of the offense charged so that the defendant may be convicted without proof of the elements alleged by the grand jury in its indictment.
Bell v. State, 725 So.2d 836, 855 (¶ 58) (Miss.1998). Thus, a constructive amendment “effectively modifies an essential element of the offense charged.” Id. at 856 (¶ 61). Under Bell, we find that the language “by any part of a person’s body” does not rise to the level of a constructive amendment. “Not all variances between the indictment and instructions constitute a constructive amendment, nor do they rise to plain error.” Id. at 855 (¶ 61). “The central question is whether the variance is such as to substantially alter the elements of proof necessary for a conviction.” Id. (emphasis added).
¶ 16. The disputed language in jury instruction 3 did not substantially alter the elements of proof necessary to find Jones guilty of the offense charged. It is clear that the jury convicted Jones of sexual battery based on the elements given in instruction S-l, which required the State to prove that Jones engaged in sexual penetration with Sarah by “placing his mouth and tongue in the vagina of [Sarah]” and by “placing his penis in the mouth of [Sarah].” It is evident that this was the basis of the jury’s verdict. Sarah’s testimony revealed that both of these acts occurred. “Under our sexual battery statutes ... union or contact between a person’s mouth and the genital opening of a woman is the equivalent of ‘sexual penetration.’” Johnson v. State, 626 So.2d 631, 633 (Miss.1993) (citing Cantrell v. State, 507 So.2d 325, 329 (Miss.1987)). Thus, the State established that sexual penetration occurred despite the inclusion of the language “by any part of a person’s body” in the instruction.
¶ 17. Assuming, only for the sake of argument, that the disputed phrase did effectuate a constructive amendment, the amendment was not prejudicial. The test, as laid out by the Mississippi Supreme Court, for determining if an amendment to an indictment is “substantive (and therefore prejudicial) is whether the defense as it originally stood would be equally available after the amendment is made.” Smith v. State, 725 So.2d 922, 929 (¶ 17) (Miss.1998) (quoting Eakes v. State, 665 So.2d 852, 859 (Miss.1995)). Jones was never tested for the sexually transmitted disease trichomonas, which Sarah had contracted. While expert testimony suggested that the disease could only be transmitted though sexual intercourse, whether or not Sarah actually contracted the disease from Jones was never ah issue of contention in this case. Sarah never testified that Jones had sexual intercourse with her. In fact, the State never alleged that Jones committed rape. Therefore, the amendment was not prejudicial.
*1016 ¶ 18. The essential element of “sexual penetration” was not effectively modified by the language in jury instruction 3. The phrase “by any part of a person’s body” had no effect on the State’s burden of proving that Jones committed the acts described in the indictment and in instruction S-l. “Jury instructions are to be read together and taken as a whole with no one instruction taken out of context.” Brady v. State, 722 So.2d 151, 157 (¶ 23) (Miss.Ct. App.1998) (quoting Heidel v. State, 587 So.2d 835, 842 (Miss.1991)). Considering the instructions as a whole, we find that the jury was fairly and adequately instructed on the applicable law and what was required of the State to prove. Jones was clearly convicted of the crime for which he was charged in the indictment. This assignment of error is without merit.
III. Whether the verdict is against the overwhelming weight of the evidence.
¶ 19. The applicable standard of review in assessing whether a jury verdict is against the overwhelming weight of the evidence is as follows:
This Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Griffin v. State, 859 So.2d 1032, 1034 (¶ 5) (Miss.Ct.App.2003) (quoting Baker v. State, 802 So.2d 77, 81 (¶ 14) (Miss.2001)). “[TJhis Court may not pass upon the credibility of witnesses and, where the evidence justifies a verdict, it must be accepted as having been found worthy of belief.” Brady, 722 So.2d at 156 (¶ 19) (quoting Davis v. State, 568 So.2d 277, 281 (Miss.1990)).
¶ 20. Jones argues that the evidence presented during trial did not support a conviction for sexual battery as alleged in the indictment. We disagree. As charged in the indictment, the State was required to prove that Jones committed sexual battery by (1) placing his mouth and tongue in the vagina of Sarah, and (2) placing his penis in the mouth of Sarah. The State’s burden was met. Sarah unequivocally testified that both of these acts occurred. She also demonstrated each act through hand gestures while on the witness stand. Both Agnew and Detective Davis offered corroborating testimony that Sarah described the two incidents during interviews.
¶ 21. Accepting all evidence in favor of the verdict as true, we cannot say that allowing the verdict to stand would sanction an unconscionable injustice. Our review of the record shows that there was substantial evidence to support Jones’s conviction of sexual battery as alleged in the indictment. Accordingly, this issue is without merit.
¶ 22. THE JUDGMENT OF THE YA-ZOO COUNTY CIRCUIT COURT OF CONVICTION OF SEXUAL BATTERY AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED, FOLLOWED BY FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
LEE, C.J., BARNES AND CARLTON, JJ., CONCUR. MAXWELL, J., SPECIALLY CONCURS WITH *1017 SEPARATE WRITTEN OPINION, JOINED BY LEE, C.J., IRVING, P.J., AND BARNES, J. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J., ISHEE AND FAIR, JJ.

. The names of the victim and the victim's relatives have been changed in this opinion to protect their identities.