# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-00068-COA

**JOSEPH JUSTICE A/K/A JOSEPH EDWARD JUSTICE**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                                **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/16/2014 |
| TRIAL JUDGE: | HON. GERALD W. CHATHAM SR. |
| COURT FROM WHICH APPEALED: | DESOTO COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOHN R. HENRY JR. |
| DISTRICT ATTORNEY: | JOHN W. CHAMPION |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FONDLING AND SENTENCED TO FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS TO SERVE AND TEN YEARS OF POST-RELEASE SUPERVISION, AND TO REGISTER AS A SEX OFFENDER |
| DISPOSITION: | AFFIRMED: 05/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., ISHEE AND WILSON, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Joseph Justice was convicted of fondling his nine-year-old stepson, N.J.[1]  Justice

appeals, arguing that the tender-years hearsay exception was erroneously applied and that the

---

[1] Due to the nature of this case and the age of the victim, we substitute initials for the victim's name.

verdict was not supported by the weight of the evidence. Finding no error, this Court affirms.

**FACTS**

¶2. On the night of October 14, 2012, Elizabeth Justice, N.J.'s mother, walked into her son's room and turned on the light. She found her husband, Joseph Justice, kneeling beside N.J.'s bed. She found her son in bed with his pants and underwear down to his ankles. Elizabeth called the police, and Justice was taken to the Southaven Police Department for questioning.

¶3. Justice told police, and claims to this day, that he was masturbating in N.J.'s room in order to hide from his wife. He told officers that Elizabeth would find him in the other rooms of the house.

¶4. On October 18, 2012, N.J. was interviewed at the Family Crisis Services Center by Meredith Rawl, an expert in the field of forensic interviews and child sexual abuse. During the interview, N.J. told Rawl that Justice was on his knees in a chair by the bed, touching N.J.'s penis and looking at a cell phone. N.J. also told Rawl that Justice had done this before and told N.J. on previous occasions to not tell anyone because he would go to jail. A couple of months later, N.J. began seeing psychologist Dr. Wayne Lancaster. N.J. had regular sessions with Dr. Lancaster for six months to address feelings of depression and confusion. Videos from Rawl's interview and one of Dr. Lancaster's sessions were admitted during trial.

¶5. At trial, Justice was convicted on one of three counts of fondling. The judge later sentenced him to fifteen years in the custody of the Mississippi Department of Corrections, with five years to serve and ten years on post-release supervision.

## ANALYSIS

### I.     Whether the tender-years hearsay exception was properly applied.

¶6.     Justice contends that hearsay testimony from Rawl and Dr. Lancaster of what N.J. told them was improperly admitted because the court did not conduct a hearing within the guidelines of Mississippi Rule of Evidence 803(25). We review the admission of evidence for abuse of discretion. *Webb v. State*, 113 So. 3d 592, 597 (¶13) (Miss. Ct. App. 2012).

¶7.     While notice was given of a hearing under Rule 803(25), the tender-years exception to the hearsay rule, the court actually conducted a competency hearing pursuant to Mississippi Rule of Evidence 601. During the hearing, N.J., Rawl, and Dr. Lancaster testified, and the court found that N.J. met the test for competency but did not address the tender-years exception.

¶8.     Justice did not object during this pretrial hearing. At trial, he did not object to the admission of testimony from Rawl or Dr. Lancaster. "Failure to timely object to alleged hearsay evidence acts as a bar preventing the aggrieved party from raising the issue on appeal." *Grayson v. State*, 850 So. 2d 196, 198 (¶5) (Miss. Ct. App. 2003). This rule likewise applies when a defendant fails to object to hearsay at trial and subsequently claims that the trial court abused its discretion in not conducting a Rule 803(25) tender-years hearing. *Green v. State*, 89 So. 3d 543, 553 (¶24) (Miss. 2012). Therefore, Justice is procedurally barred from arguing that the testimony from Rawl and Dr. Lancaster was erroneously admitted.

### II.     Whether the verdict was against the weight of the evidence.

¶9. Justice next argues that the verdict was against the overwhelming weight of the evidence. He contends that N.J. is unreliable because he gave conflicting versions of events and he took "his mother's fears and made them real." In reviewing whether a jury verdict was against the weight of the evidence,

> [t]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.

*Jones v. State*, 164 So. 3d 1009, 1016 (¶19) (Miss. Ct. App. 2013).

¶10. As an initial matter, we acknowledge the "long-standing rule that the credibility of a witness is a question for the jury." *Jordan v. State*, 80 So. 3d 817, 831 (¶63) (Miss. Ct. App. 2010). N.J. testified at trial about what happened that night. Videos of interviews between N.J. and Rawl and N.J. and Dr. Lancaster were also played for the jury. Rawl and Dr. Lancaster both testified that they found N.J. to be credible. Elizabeth also testified about what she saw when she walked into N.J.'s room that night. Furthermore, DNA evidence was presented about a stain on N.J.'s bed sheets, where Justice was found to be the sole contributor.

¶11. Notably, the jury found Justice not guilty of another count of fondling, where less evidence was provided to them regarding that specific instance. Based on this evidence presented at trial, the verdict was not against the overwhelming weight of the evidence. Therefore, this issue is without merit.

4

¶12. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF FONDLING AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS TO SERVE AND TEN YEARS OF POST-RELEASE SUPERVISION, AND TO REGISTER AS A SEX OFFENDER, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**