# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01210-COA

**JAMES HOWARD WORDLAW A/K/A DO DO**  **APPELLANT**
**A/K/A JAMES HOWARD WOODLAW A/K/A**
**JAMES WORDLAW A/K/A JAMES H.**
**WORDLAW**

**v.**

**STATE OF MISSISSIPPI**  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2015 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: JUSTIN TAYLOR COOK |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | FORREST ALLGOOD |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF MORE THAN .1 GRAM BUT LESS THAN 2 GRAMS OF A CONTROLLED SUBSTANCE AND SENTENCED AS A HABITUAL OFFENDER AND SUBSEQUENT DRUG OFFENDER TO SERVE SIX YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, AND TO PAY A $6,000 FINE |
| DISPOSITION: | REVERSED AND REMANDED - 05/02/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., ISHEE AND GREENLEE, JJ.**

**LEE, C.J., FOR THE COURT:**

## PROCEDURAL HISTORY

¶1. James Wordlaw was convicted by a jury in the Oktibbeha County Circuit Court of one count of possession of more than .1 gram but less than 2 grams of a controlled substance. He was sentenced as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015) and as a subsequent drug offender pursuant to Mississippi Code Annotated section 41-29-147 (Rev. 2013) to six years in the custody of the Mississippi Department of Corrections, without reduction or suspension, or eligibility for parole or probation. Wordlaw was also ordered to pay a $6,000 fine.

¶2. Wordlaw filed posttrial motions, which the trial court denied. He now appeals, asserting that the trial court erred by denying his circumstantial-evidence jury instructions and by failing to instruct the jury on venue. We find reversible error regarding venue and remand for a new trial. We decline to address Wordlaw's other issue.

## FACTS

¶3. On the morning of December 24, 2013, Jeremy Akins, an officer with the Starkville Police Department (SPD), noticed a black Toyota Tacoma speeding in Starkville, Mississippi. Officer Akins initiated a traffic stop, and recognized the driver of the truck as Wordlaw. Officer Akins testified that he had seen Wordlaw driving the same truck several times in the weeks leading up to December 24. Wordlaw told Officer Akins that his license had been suspended. Officer Akins testified that he discovered Roy Bennett was the title owner of the truck.

¶4. Although he first claimed the truck belonged to Bennett, his boss, Wordlaw consented to a search. Officer Akins discovered a cigarette pack between the driver's seat and the

middle console. The cigarette pack contained a clear bag filled with a white substance, which was later tested and determined to be crack cocaine. Wordlaw was subsequently arrested.

¶5.     Chris Jackson, an officer with the SPD, also responded to the scene. Officer Jackson approached the passenger side of the truck, where Andrea Middleton was sitting. While Officer Akins searched the truck, Officer Jackson received consent from Middleton to search her pockets. Officer Jackson found a crack pipe in Middleton's pocket. Middleton was subsequently arrested. Other items associated with drug use were found in the truck, including copper brillo pads, copper wiring, and a "push rod" for use with a crack pipe. Officer Jackson also testified that while Officer Akins searched the truck, he noticed Wordlaw with what resembled a plastic bag in his mouth. He ordered Wordlaw to spit out the plastic bag, but Wordlaw swallowed it instead. An ambulance was called to the scene, but Wordlaw refused medical treatment.

¶6.     During trial, Bennett testified that he had sold the truck to Wordlaw in October 2013. At the time, Bennett said his daughter's boyfriend had been paying the car-insurance premiums.

¶7.     Middleton testified that Wordlaw had offered her a ride. When they noticed the police lights, Wordlaw asked her to hold a cigarette pack. Middleton testified that she refused. Middleton admitted that she had a crack pipe, but denied possession of the cocaine. Middleton stated she did not know Wordlaw had drugs in the truck until he tried to get her to hold the cigarette pack. Middleton said she had been charged with possession of cocaine

3

but the charge was later retired to her file. She pleaded guilty to possession of drug paraphernalia.

## DISCUSSION

¶8. Wordlaw argues that the trial court failed to include the county and state in the jury instructions. And he contends that the failure to include the venue in jury instruction S-2 is reversible error. "Failure to instruct the jury on the essential elements of the crime is plain error." *Rogers v. State*, 95 So. 3d 623, 632 (¶30) (Miss. 2012). Venue is considered an essential element to a criminal prosecution. *Id.*

¶9. Wordlaw objected to instruction S-2, arguing it was an improper instruction for failing to include venue. S-2 read as follows:

> The Court instructs the Jury that if you find from the evidence in this case beyond a reasonable doubt that the Defendant, James Howard Wordlaw, did on or about December 24, 2013, unlawfully, willfully, feloniously, knowingly[,] and intentionally possess a controlled substance, to wit: Cocaine, in an amount greater than .1 [gram] but less than 2 [grams], then you shall find the Defendant guilty as charged. If the State has failed to prove any of these elements beyond a reasonable doubt, then you shall find the Defendant not guilty.

¶10. The trial court overruled Wordlaw's objection. When Wordlaw presented instruction D-2, which tracked the model jury instruction by including the county where the offense occurred, the trial court stated, "D-2 is refused as repetitious. [I] already gave that same instruction. [The] only difference is [D-2] says Oktibbeha County, Mississippi, and that [is] not necessary in the instructions." No other instructions given to the jury mentioned where the crime occurred, and the indictment was not submitted to the jury.

¶11. In *Rogers*, the supreme court found that the failure to instruct the jury on venue was

4

plain error, and reversed for a new trial. *Id.* at 624 (¶1). The instruction at issue read:

> The Court instructs the Jury that . . . if you believe from the evidence in this case beyond a reasonable doubt that at the time and place charged in Count Two of the indictment and testified about, the Defendant, Allen Lynn Rogers, Jr., did willfully, unlawfully[,] and feloniously touch the person of William Hicks, a male child under the age of sixteen (16) years[,] for the purpose of gratifying his lust and indulging his depraved licentious sexual desires, at a time when he, the said Allen Lynn Rogers Jr., was a male person above the age of eighteen (18) years, then it is your duty to find the Defendant guilty as charged in Count Two.

*Id.* at 631-32 (¶28). The supreme court determined that the jury was "never instructed that, to convict, it was required to find from the evidence, beyond a reasonable doubt, that the crime had occurred in Scott County, Mississippi." *Id.* at 631 (¶28). The court stated that "the phrase 'at the time and place charged in Count Two of the indictment and testified about' did not apprise the jury that the crime must have occurred in Scott County, Mississippi." *Id.* at 632 (¶28). The court further noted that the indictment was not submitted to the jury for consideration and the "'time and place testified about' was far from definite." *Id.*

¶12. In *Chesney v. State*, 165 So. 3d 498, 504 (¶12) (Miss. Ct. App. 2015), this Court found reversible error where the jury was not instructed as to venue. The instruction at issue in *Chesney* was similar to the one in *Rogers* where it provided that the jury had to find the crime occurred "at the time and place charged" in the indictment. *Id.* at 503 (¶12). Like *Rogers*, the indictment was not submitted to the jury. We noted that "nowhere was the jury instructed in open court that the location of the conduct was an element of the offense." *Id.* at 503-04 (¶12). Although there was testimony during trial regarding the location of the offense, "the jury was never instructed that it had to find that the crimes occurred in Neshoba County."

5

*Id*. at 504 (¶12).

¶13.    Here, as in *Chesney*, there was some proof of venue elicited during trial.  Regardless, the instructions did not apprise the jury that it had to find beyond a reasonable doubt that the crime occurred in Oktibbeha County.  As the supreme court has stated, "such an obvious omission is fatal and requires reversal."  *Rogers*, 95 So. 3d at 632 (¶30).

¶14.    This is not a case where a defendant is attempting to create reversible error by purposefully failing to object to insufficient jury instructions.  Rather, Wordlaw attempted twice to have the jury instructed as to venue, only to be overruled on both occasions.

¶15.    The dissent cites to *Rooks v. State*, 529 So. 2d 546 (Miss. 1988), for support.  In *Rooks*, the supreme court determined that since the defendants did not present evidence that venue was improper, then the omission of venue from the jury instruction was not reversible error.  *Id*. at 556.  It is true that *Rooks* has not been overruled; however, no case has cited *Rooks* for this particular holding.  And caselaw is clear that venue is considered an essential element.

¶16.    **THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.**

        **BARNES, ISHEE, FAIR, GREENLEE AND WESTBROOKS, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY IRVING AND GRIFFIS, P.JJ., AND WILSON, J.**

        **CARLTON, J., DISSENTING:**

¶17.    I respectfully dissent from the majority's opinion, and I would find any error to be harmless consistent with the holdings in *Jones v. State*, 164 So. 3d 1009, 1014 (¶12) (Miss.

6

Ct. App. 2013),[1] and *Rooks v. State*, 529 So. 2d 546, 556 (Miss. 1988).

¶18.    In *Jones*, this Court found no prejudice or plain error where the trial court gave a jury instruction for sexual battery of a child under the age of fourteen years that failed to include that the defendant was twenty-four or more months older than the child. *Jones*, 164 So. 3d at 1014 (¶13). In so finding, this Court explained that the jury was presented with documentary evidence and corroborating testimony regarding the age of the defendant and the age of the victim. *Id.* at 1013 (¶10). The *Jones* court also found "that the jury was properly instructed as to the State's burden of proving that [the defendant] committed sexual battery under [Mississippi Code Annotated] section 97-3-95(1)(d) [(Rev. 2006)]." *Id.* at 1014 (¶13). This Court held that "defects in specific instructions will not mandate reversal when all of the instructions, taken as a whole, fairly—although not perfectly—announce the applicable primary rules of law." *Id.* (citing *Boyd v. State*, 47 So. 3d 121, 124 (¶11) (Miss. 2010)). The *Jones* court also distinguished the facts before it from those in *Rogers v. State*, 95 So. 3d 623, 632 (¶30) (Miss. 2012), and *Berry v. State*, 728 So. 2d 568, 571 (¶6) (Miss. 1999), wherein the Mississippi Supreme Court found reversible error occurred where insufficient evidence was presented at trial and thus failed to cure defective jury instructions. *Jones*, 164 So. 3d at 1014 (¶12).

¶19.    In *Rooks*, the defendants argued that the jury instructions setting out the elements of

---

[1] The Mississippi Supreme Court granted a writ of certiorari in this case on February 20, 2014. *Jones v. State*, 132 So. 3d 579 (Miss. 2014). However, the supreme court later entered an order denying certiorari after finding no need for further review of the issues and record. *Jones v. State*, 2012-CT-00374-SCT (Miss. Aug. 12, 2014) (order dismissing writ of certiorari).

the offense of possession of marijuana were erroneous and "require[d] reversal because they did not state that the offense occurred in Leflore County." *Rooks*, 529 So. 2d at 556. However, the supreme court noted that the State presented ample proof of venue, and the Court held that the defendants "were not entitled to a venue instruction unless and until they presented some evidence that venue was not properly in Leflore County." *Id.* Because the only evidence presented was that the marijuana at issue was possessed and discovered in Greenwood in Leflore County, the Court held that the omission of venue from the jury instruction was not reversible error. *Id.* The supreme court has never overruled *Rooks*.

¶20.     *Rooks* and the present case are readily distinguishable from *Rogers*, a Scott County case in which the eleven-year-old victim of a sex crime became confused and testified that the abuse occurred in Lena "in Scott County," which was a problem given that Lena is, of course, in Leake County. *See Rogers*, 95 So. 3d at 630-32 (¶¶23-30). Under those circumstances, the supreme court held that failure to instruct the jury on venue was reversible error. However, the present case is controlled by the supreme court's holding in *Rooks*, not *Rogers*. As in *Rooks*, the *only* evidence in this case was that the crime occurred in Starkville in Oktibbeha County. In finding Wordlaw guilty of possession of cocaine, the jury necessarily found that he possessed the cocaine in Oktibbeha County. Under *Rooks*, the omission of venue from the jury instructions was not reversible error.

¶21.     In the case before us, Wordlaw argues that the trial court failed to include the county and state in the jury instructions, constituting reversible error. However, the record in the case before us reflects that the proof was undisputed as to venue. The record reflects

8

undisputed proof that the offense occurred in the City of Starkville and Oktibbeha County in Mississippi. Starkville police officer Jeremy Akins testified before the jury that he saw the black Toyota Tacoma speeding in Starkville, Mississippi, and then initiated a traffic stop. Officer Akins testified that he recognized the driver as Wordlaw. Officer Akins also stated that Wordlaw thereafter consented to a search of the truck. Hence, the proof presented at trial cured any defect in the instruction.

¶22. Based upon the foregoing, I dissent and would affirm the judgment and conviction of the trial court.

**IRVING AND GRIFFIS, P.JJ., AND WILSON, J., JOIN THIS OPINION.**