CARLTON, J.,
DISSENTING:
¶ 17. I respectfully dissent from the majority’s opinion, and I would find any error to be harmless consistent with the holdings in Jones v. State, 164 So.3d 1009, 1014 (¶ 12) (Miss. Ct. App. 2013),[1] and Rooks v. State, 529 So.2d 546, 556 (Miss. 1988).
¶ 18. In Jones, this Court found no prejudice or plain error where the trial court gave a jury instruction for sexual battery of a child under the age of fourteen years that failed to include that the defendant was twenty-four or more months older than the child. Jones, 164 So.3d at 1014 (¶ 13). In so finding, this Court explained that the jury was presented with documentary evidence and corroborating testimony regarding the age of the defendant and the age of the victim. Id. at 1013 (¶ 10). The Jones court also found “that the jury was properly instructed as to the State’s burden of proving that [the defendant] committed sexual battery under [Mississippi Code Annotated] section 97-3-95(1)(d) [(Rev. 2006)].” Id. at 1014 (¶ 13). This Court held that “defects in specific instructions will not mandate reversal when all of the instructions, taken as a whole, fairly— although not perfectly—announce the applicable primary rules of law.” Id. (citing Boyd v. State, 47 So.3d 121, 124 (¶ 11) (Miss. 2010)). The Jones court also distinguished the facts before it from those in Rogers v. State, 95 So.3d 623, 632 (¶ 30) (Miss. 2012), and Berry v. State, 728 So.2d 568, 571 (¶ 6) (Miss. 1999), wherein the Mississippi Supreme Court found reversible error occurred where insufficient evidence was presented at trial and thus failed to cure defective jury instructions. Jones, 164 So.3d at 1014 (¶ 12).
¶ 19. In Rooks, the defendants argued that the jury instructions setting out the elements of the offense of possession of marijuana were erroneous and “require[d] reversal because they did not state that the offense occurred in Leflore County.” Rooks, 529 So.2d at 556. However, the supreme court noted that the State presented ample proof of venue, and the Court held that the defendants “were not entitled to a venue instruction unless and until they presented some evidence that venue was not properly in Leflore County.” Id. Because the only evidence presented was that the marijuana at issue was possessed and discovered in Greenwood in Leflore County, the Court held that the omission of venue from the jury instruction was not reversible error. Id. The supreme court has never overruled Rooks.
¶20. Rooks and the present case are readily distinguishable from Rogers, a Scott County case in which the eleven-year-old victim of a sex crime became con *772 fused and testified-that the abuse occurred in Lena “in Scott County,” which was a problem given that Lena is, of course, in Leake County. See Rogers, 95 So.3d at 630-32- (¶¶ 23-30). Under those circumstances, the supreme court held that failure to -instruct the jury on venue was reversible error. However, the present case is controlled by the supreme court’s holding in Rooks, not Rogers. As in Rooks, the only evidence in this case was that the crime occurred in Starkville in Oktibbeha County. In finding Wordlaw guilty of possession of cocaine, the jury necessarily found that he possessed the cocaine in Oktibbeha County. Under Rooks, the omission of venue from the jury instructions was not reversible error.
¶21. In the case before us, Wordlaw argues that the trial court failed to include the county-,and state in the jury instructions, constituting reversible error. However, the record in the case before us reflects that the proof was undisputed as to venue. ■The record reflects undisputed proof that the offense occurred in the City of Stark-ville and Oktibbeha County in Mississippi. Starkville police officer Jeremy Akins testified before the jury that he saw the black Toyota Tacoma speeding in Starkville, Mississippi, and then initiated -a traffic stop. Officer Akins testified that he recognized-the driver as Wordlaw. Officer Akins also stated that Wordlaw thereafter con-sénted 'to a search of the truck. Hence, the proof presented at trial cured any defect in the instruction.
¶ 22. Based upon the foregoing, I dissent and would affirm the judgment and conviction of the trial court.
IRVING AND GRIFFIS, P.JJ., AND WILSON, J., JOIN THIS OPINION.

. The Mississippi Supreme Court granted a writ of certiorari in this case on February 20, 2014. Jones v. State, 132 So.3d 579 (Miss. 2014). However, the supreme court later entered an order denying certiorari after finding no need for further review of the issues and record. Jones v. State, 2012-CT-00374-SCT (Miss. Aug. 12, 2014) (order dismissing writ of certiorari).